IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Civil Action No. 2:15CV0703 |
| Ex rel. Mitchell D. Potterf IV | : | FILED IN CAMERA and UNDER SEAL |
| Plaintiff, | : | FALSE CLAIMS ACT |
| v. | : | JURY TRIAL DEMANDED |
| OHIO STATE UNIVERSITY | | Judge Frost |
| STEVEN T. DEVOR | | MAGISTRATE JUDGE KING |
| Defendants | | |

FILED
RICHARD W. NAGEL
CLERK OF COURT
2015 FEB 24 PM 1:25
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

PLAINTIFF'S COMPLAINT PURSUANT TO 31 USC §§3729-3732
OF THE FEDERAL FALSE CLAIMS ACT

The United State of America, by and through qui tam relator Mitchell D. Potterf IV (Relator), brings this action under 31 U.S.C. §3729 et seq., as amended (False Claims Act) to recover all damages, penalties and other remedies established by the False Claims Act on behalf of the United States.

I. PRELIMINARY STATEMENT

1. This is an action to recover damages and civil penalties on behalf of the United States of America, for violations of the False Claims Act arising from false or fraudulent records, statements, claims, or any combination thereof, made, used or caused to be made, used, or presented or any combination thereof, by the defendants, their agents, employees, or co-conspirators, or any combination thereof, with respect to false claims in order to obtain federal grants through the National Institute of Health ("NIH").

2. The False Claims Act was enacted to enhance the Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the False Claims Act. Congress intended that the Act create incentives for individuals with knowledge of fraud against the government to disclose the information without fear or reprisals or Government inaction, and to encourage the private bar to commit legal resources to prosecuting fraud on the Government's behalf.

3. The False Claims Act provides that any person who knowingly submits, or cases the submission of, a a false or fraudulent claim to the U.S. Government for payment or approval is liable for a civil penalty of up to $11,000 for each such claim, plus three times the amount of damages sustained by the Government.

4. The Act allows any person having information about a false or fraudulent claim against the Government to bring an action for himself and the Government, and to share in any recovery. The Act requires that the Complaint be filed under eal for a minimum of 60 days (without service on the defendant during that time) to allow the Government time to conduct its own investigation and to determine whether to join the suit.

5. Under the grant application process of the NIH, those applying for grants and those supervising the application process all have specific responsibilities to prevent false claims from being presented and are liable under the False Claims Act for their role in the submission of false claims.

6. This is an action for treble damages and penalties for each false claim and each false statement under the False Claims Act, 31 U.S.C. §3729, et seq., as amended.

## II. PARTIES

7. Relator, Mitchell D. Potterf, IV, was a participant, both individually and through his company, Ohio Fit Club LLC, in several studies that were conducted by the Defendants.

8. Defendant Ohio State University is a state university located in the Southern District of Ohio, and supervised both the studies in question as well as the NIH grant application process.

9. Defendant Steven T. Devor, transacts business in the Southern District of Ohio, and submitted or caused to be submitted fraudulent data related to the studies used to gain further grant funding from the NIH, which constitutes false claims under the False Claims Act.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 31 USC §3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 USC §3729 and §3730.

11. There have been no public disclosures of the allegations or transactions contained herein that bar jurisdiction under 31 USC §3730(e).

12. This Court has personal jurisdiction over the defendants pursuant to 31 USC §3732(a) because that section authorizes nationwide service of process and because all the defendants have at least minimum contacts with the United States,

and can be found in, reside, or transact or have transacted, business in the Southern District of Ohio.

13. Venue exists in the United States District Court for the Southern District of Ohio pursuant to 31 USC §3730(b)(1) because all of the defendants have at least minimum contacts with the United States, and all the defendants can be found in, reside, or transact or have transacted business in the Southern District of Ohio.

## IV.   APPLICABLE LAW

### A. Public Health System Funding Through the NIH.

14. 42 CFR 93.100 (a) provides "[r]esearch misconduct involving PHS support is contrary to the interests of the PHS and the Federal government and to the health and safety of the public, to the integrity of research and to the conservation of public funds."

15. By virtue of 42 CFR 93.102 (a)(2), the prohibition against research misconduct applies to "each institution that applies for or receives PHS support for biomedical or behavioral research, research training or activities related to that research or research training . . . including any research proposed, performed, reviewed or reported, or any research record generated from that research, regardless of whether an application or proposal for funds resulting in a grant, contract, cooperative agreement, or other form of PHS support."

16. 42 CFR 93.103 defines "research misconduct" as "fabrication, falsification or plagiarism in proposing, performing, or reviewing research, or in reporting research results:

    a. Fabrication is making up of data or results and recording or reporting them.

    b. Falsification is manipulating research materials, equipment, or processes, or changing or omitting data or results such that the research is not accurately represented in the research record.

. . . ."

### B. False Claims Act

17. False Claims Act liability attaches to any person who knowingly presents or causes a false or fraudulent claim to be presented for payment, or to a false record or statement made to get a false or fraudulent claim paid by the government. 31 USC §3729(a)(1)&(2).

18. Under the False Claims Act, "knowing" and "knowingly" means that a person, with respect to information:

    a. Has actual knowledge of the information;

    b. Acts in deliberate ignorance of the truth or falsity of the information; or

    c. Acts in reckless disregard of the truth or falsity of the information,

    d. and no proof of specific intent to defraud is required. 31 USC §3720(b).

19. The False Claims Act is violated not only by a person who makes a false statement or a false record to get the government to pay a claim, but also by one who engages in a course of conduct that causes the government to pay a false or fraudulent claim for money.

## V. ALLEGATIONS

20. At the end of 2011, Defendants approached Potterf and his company Ohio Fit Club LLC ("Fit Club"), a Columbus-Ohio based CrossFit gym, and asked him to participate in a research project that would study the health effects of the workout regimen known as "CrossFit."

21. The Defendants proposed to study the participants by having them undergo "test-in" procedures prior to the study and then undergo "test-out" procedures at the end of the study.

22. The study would coincide with 10-week competition that was already planned to take place at Fit Club, commencing in January 2012. The competition centered around daily CrossFit workouts.

23. Potterf agreed to participate in the study and enlisted 54 individual members of Fit Club who would go through the test-in and test-out procedures through the Defendants.

24. As planned, 54 individuals underwent test-in procedures as supervised by the defendants. However, 11 of those 54 did not participate in the test-out procedures. Each of the 11 individuals dropped out of the study due to personal reasons, such as work schedules and family emergencies. In the end, 43 of the original 54 completed the test-out procedure.

25. The defendants were never in contact with the 11 people who did not test-out, and they have publicly admitted that they had no contact with those 11 people, although they did later admit that 2 of the 11 individuals failed to test out because

of other commitments and not because of any "injury or overuse." However, when they published the final study, the defendants concluded that the remaining 9 individuals failed to test-out because of "injury or overuse."

26. The conclusion that 9 people failed to test-out because of "injury or overuse" is a false and untrue.

27. The defendants caused the article containing the false conclusions to be published in the Journal on Strength and Conditioning, an online journal run by the NSCA, in 2012.

28. The defendants obtain NIH grants on the basis of their reputation and results in conducting research and publishing studies. The study underlying this case is one of the studies the Defendants relied upon in furthering its reputation and obtaining further grants from the NIH.

29. In 2012, the Defendants received NIH grants totaling $142,232,491.00. In 2013, the Defendants received NIH grants totaling $131,126,886.00.

30. The Defendants applied for and received NIH grants in 2012 and 2013 with actual knowledge, deliberate ignorance or in reckless disregard that their research claims were false, and are liable under the False Claims Acts therefore.

31. The Defendants continue to allow the article to be published, without retraction, and to be circulated on a world-wide basis.

## VII. DEFENDANT'S LIABILITY

32. By virtue of the acts described above, defendants knowingly (a) submitted and continue to submit and/or (b) cause and/or continue to cause to be submitted false

or fraudulent claims to the United States Government for NIH grants based upon the quality and accuracy of its research and academic publications.

33. By reasons of the Defendants' acts, the United States has been damaged, and continues to be damage, in substantial amount to be determined at trial.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, through Relator, requests the Court enter the following relief:

A. That defendants be ordered to cease and desist from violating 31 USC §3729 et seq.

B. That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained because of Defenadants' actions, plus a civil penalty of not less that $ $5500.00 and not more than $11,0000.00 for each violation of 31 USC §3729.

C. That Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

D. That Relator be awarded all costs of this action, including attorneys' fees and expenses; and

E. That Relator recover such other relief as this Court deems just and proper.

Respectfully submitted,

Kenneth R. Donchatz (0062221)
Donchatz Law
15 ½ State Street
Westerville Ohio 43081
P: 614.364.0880
E: ken@donchatzlaw.com