IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MITCHELL D. POTTERF, IV,

      Plaintiff,

    v.

THE OHIO STATE UNIVERSITY, *et al.*,

      Defendants.

Civil Action 2:15-cv-703
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for Consideration of Defendants' Motion to Dismiss (ECF. 11), Plaintiff's Response in Opposition (ECF No. 19), Defendants' Reply (ECF No. 20), and Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 19). For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Motion for Leave to File Amended Complaint is **DENIED**.

### I. BACKGROUND

This case, one of several brought by Plaintiff in the federal courts, arose from the publication of an academic study by Ohio State University researcher Steven T. Devor, Ph.D. His article "CrossFit-Based High Intensity Power Training Improves Maximal Aerobic Fitness and Body Composition" focused on forty-three participants who were then members of Plaintiff's gym, Ohio Fit Club, LLC. (ECF No. 1 at 6.) Eleven other proposed participants dropped out of the study before reaching the "test-out" stage at the conclusion of the 10-week study period. (*Id.*) Defendant Devor's article noted that nine of these individuals did not complete the study period due to "overuse or injury" and two others dropped out citing time constraints. (ECF No. 111 at 3.) According to Plaintiff, the nine who did not participate due to

overuse or injury in fact opted out for "personal reasons." (ECF No. 1 at 7.) Plaintiff asserts that this alleged statement regarding overuse and injury by Defendant violates the False Claims Act (the "FCA"), 31 U.S.C. §§ 3729(a)(1)(A) and 3729(a)(1)(B), because Defendant receives and has received federal grant funding to support his research. (ECF No. 1 at 7-8.)

Plaintiff brought the instant *qui tam* lawsuit on behalf of the United States against Defendant Devor and Defendant Ohio State University on February 24, 2015. (ECF No. 1.) On the same day, Plaintiff filed a nearly identical complaint bringing claims against the National Strength and Conditioning Association and the Journal of Strength and Conditioning Research. The Court dismissed that case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted on November 17, 2015. *United States v. Nat'l Strength & Conditioning Ass'n*, No. 2:15-CV-701, 2015 WL 7254211 (S.D. Ohio Nov. 17, 2015). CrossFit, Inc. also filed a third lawsuit in California alleging false advertising and unfair competition arising from the same events. *See CrossFit, Inc. v. Nat'l Strength and Conditioning Assoc.*, No. 14-CV-1191 (S.D. Cal. May 12, 2014).

Defendants filed their Motion to Dismiss on July 13, 2015. (ECF No. 11.) Plaintiff filed his Motion for Leave to File Amended Claim on August 21, 2015. (ECF No. 19.) On September 29, 2015 the parties consented to jurisdiction of the Magistrate Judge to conduct all further proceedings in this matter. (ECF No. 24.)

## II. STANDARD OF REVIEW

Defendants bring their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted. Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P.

8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

Defendants move to dismiss this case, urging the Court to find Plaintiff's case deficient upon three grounds. First, Defendants argue that Plaintiff's Complaint does not allege any injury suffered by the United States. (ECF No. 11 at 4.) Second, Defendants assert that they are not subject to the FCA because Ohio State is an arm of the state of Ohio and because Plaintiffs bring

their claims against Defendant Devor in his official capacity as an employee of the state of Ohio. (ECF No. 11 at 5.) Last, Defendants argue that Plaintiff failed to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b), as required by Sixth Circuit precedent. (*Id.*) Plaintiff responds that the Complaint survives the last two challenges and that any doubt would be removed by the filing of Plaintiff's proposed Amended Complaint. (ECF No. 13 at 31.) Plaintiff's Response in Opposition does not address Defendants' first argument.

The FCA, as amended in 2009, provides liability for any person who: 1) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;" or 2) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1). Plaintiff brings claims under both §§ 3729(a)(1)(A) and 3729(a)(1)(B).

In 1863 President Lincoln signed the original False Claims Act into law in order "to combat rampant fraud in Civil War defense contracts." *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968), S.Rep. No. 99-345, at 8, reprinted in 1986 U.S.C.C.A.N. 5266, 5273 (1986). The purpose of the FCA is "broadly to protect the funds and property of the Government from fraudulent claims, regardless of the particular form, or function, or the Government instrumentality upon which such claims were made." *Rainwater v. United States*, 356 U.S. 590, 592 (1959). It was "intended to reach all types of fraud, without qualification, that might result in financial loss to the Government." *Neifert-White Co.*, 390 U.S. at 232.

"Section 3729(a)(1) imposes liability not for defrauding the government generally; it instead only prohibits a narrow species of fraudulent activity: 'present[ing], or caus[ing] to be presented, . . . a false or fraudulent claim for payment or approval.'" *U.S. ex rel. Bledsoe v. Comty. Health Syss., Inc*, 501 F.3d 493, 504 (6th Cir. 2007) ("*Bledsoe II*") (citation omitted).

4

Liability does not arise under § 3729(a)(1) "merely because a false statement is included within a claim, but rather the claim itself must be false or fraudulent." *U.S. ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 443 (6th Cir. 2005).  Therefore, "a false statement within a claim can only serve to make the entire claim itself fraudulent if that statement is material to the request or demand for money or property." *Id.*; *United States v. United Techs. Corp.*, 626 F.3d 313, 321 (6th Cir. 2010).  "To establish a . . . claim for relief under § 3729(a)(1)(B), the relator must allege that the defendants knowingly made or used, or caused to be made or used, a false record or statement material to a false or fraudulent claim." *U.S. ex rel. Dennis v. Health Mgmt. Assocs., Inc.*, No. 3:09–cv–00484, 2013 WL 146048 at *17 (M.D. Tenn. Jan. 14, 2013).  The term "material" is defined in the amendments to the FCA to mean "having a tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

"A complaint stating a violation of the FCA constitutes an 'averment[ ] of fraud' for purposes of Rule 9(b), and a complaint alleging such a claim must state the circumstances surrounding the FCA violation with particularity." *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 642–43 (6th Cir. 2003) ("*Bledsoe I*") (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003)).  Rule 9(b) is designed to give defendants "notice of the specific conduct with which they were charged," to reduce exposure "to fishing expeditions and strike suits," and to protect them "from spurious charges of immoral and fraudulent behavior." *Bledsoe II*, 501 F.3d at 510.  To comply with Rule 9(b), Plaintiff "must allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bledsoe I* at 643 (internal quotations omitted).  Plaintiff must plead injuries that "were a result of a violation or

5

violations of the FCA." *U.S. ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 898 (S.D. Ohio 2013) *aff'd on other grounds*, 788 F.3d 605 (6th Cir. 2015).

**A. Defendants are not "Persons" for the Purposes of the FCA**

The FCA imposes liability upon "any person" who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval [or] knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim [to the U.S. government]." 31 U.S.C. § 3729(a)(1)(A) & (B). It is well-settled law that "the False Claims Act does not subject a State (or state agency) to liability in such actions." *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 787-88 (2000). Equally well-settled is the status of the Ohio State University as an "arm of the state" for various federal and constitutional law purposes. *See Bailey v. Ohio State Univ.*, 487 F. Supp. 601, 606 (S.D. Ohio 1980) (analyzing status of Ohio State University under the Eleventh Amendment). The Sixth Circuit recently recognized that a public university is an "arm of the State . . . and therefore not a 'person' subject to liability under the FCA." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 776 (6th Cir. 2015).

Defendant Ohio State University is a public university of the state of Ohio. It follows logically from the holdings in *Stevens* and *Kriepke*, then, that the Defendant Ohio State University is not subject to liability under the FCA. Furthermore, Plaintiff does not allege, either in his Complaint or in his proposed Amended Complaint, that Defendant Devor applied for payments to be made to him personally. Rather, Plaintiff alleges that the NIH made the grants to support research by and through the Ohio State University, who, according to Plaintiff "supervised both the studies in question as well as the NIH grant application process." (ECF No. 1 at 3.) Plaintiff's claims against Defendant Devor are, therefore, claims against him as an

6

instrumentality of the state acting in his official capacity.  Accordingly, Defendant Devor is also not a "person" for the purposes of the FCA.

**B.  Plaintiff Fails to Plead Fraud with Particularity**

        **1. No Claims of False or Fraudulent Statements as a Basis for Payment**

A review of Plaintiff's Complaint against Defendants fails to reveal any allegation that they submitted any false or fraudulent information in an effort to induce payment from the United States Government.  In order to make a meritorious claim under either provision of the FCA, Plaintiff must allege that Defendants made false or fraudulent statements to the government in order to obtain payment.  *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504–05 (6th Cir. 2008).  "A plaintiff must identify the specific claims that were submitted to the United States."  *United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 446 (6th Cir. 2008) (internal quotations omitted).

Plaintiff alleges that the claims presented to the government in this case were applications for NIH grants in 2012 and 2013. (ECF No. 1 at 7.)  Plaintiff claims that Defendants obtained NIH grants "on the basis of their reputation and results in conducting research and publishing studies." (*Id.*)  Further, Plaintiff alleges, "[t]he study underlying this case is one of the studies the Defendants relied upon in furthering its reputation and obtaining further grants from the NIH." (*Id.*).  In its essentials, then, Plaintiff's argument asserts that a disputed statement, which merely served to alert readers that Defendants did not include certain would-be participants in the study's findings, formed the basis for Defendants' professional reputations.  Plaintiff then invites the Court to make the logical leap that because Defendants receive government funding, at least in part, based on their reputations, that receiving subsequent federal funding for later research injured the government and violated the FCA.

7

Plaintiff's argument is not well-taken. First, "that Defendants relied on their reputations," however earned, "to obtain grants does not create a cause of action under the FCA." *Nat'l Strength & Conditioning Ass'n*, 2015 WL 7254211 at *3. This conclusion is sound because a reputation, by definition, is not a statement, false or otherwise, made by its owner. Even assuming *arguendo* that Defendants owe their entire professional reputation to the disputed statement, Defendants did not receive grant funds in exchange for their reputations, but rather in exchange for promises to conduct research and publish findings. The NIH, like other federal bodies, provides grant funds in order to support research and the publication of scientific studies. Plaintiff has made no allegations in his Complaint that even suggest that the NIH did not receive exactly what Defendants purport to provide, namely scientific research and publication of their findings. Indeed, Plaintiff's complaint and proposed Amended Complaint exhaustively catalogue the *bona fide* research Defendants have conducted in exchange for NIH funding. (ECF Nos. 1 at 7 and 19 at 27-28.)

Even accepting Plaintiff's allegations as true, therefore, the Court cannot conclude that Defendants "presente[d], or cause[d] to be presented . . . a false or fraudulent claim for payment or approval" or "knowingly [made], use[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A) & (B).

**2. Plaintiff has not Alleged that the United States Suffered any Injury and Fails to Plead Fraud Sufficiently.**

A review of Plaintiff's Complaint fails to reveal any allegation that the United States has suffered any injury as a result of Defendants' alleged false statements. As noted above, Plaintiff's Response in Opposition does not dispute this point. Plaintiff appears to attempt to remedy this deficiency in his proposed Amended Complaint by listing, without more, various studies that Defendants have published since the events *sub judice* and the amounts of NIH grant

8

funding that supported them. (ECF. No 19 at 27-29.) Plaintiff's proposed Amended Complaint does not indicate how receiving grant funds, conducting scientific research, and then publishing the results injures the federal grantor whose intent was, in fact, to support that very research. Neither do Plaintiff's other filings contemplate this jurisdictional predicate.

With respect to pleading fraud, therefore, Plaintiff's Complaint amounts to a mere "threadbare recital[ ] of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Accordingly, Plaintiff's Complaint fails to plead fraud with particularity as required by Rule 9(b). *Bledsoe I*, 342 F.3d at 642–43.

## C. Plaintiff's Motion for Leave to File Amended Complaint.

Other than minor changes to certain statements of fact and the addition of a laundry list of Defendants' published research and NIH grants, there is no material difference between the allegations in Plaintiff's original Complaint and those in his proposed Amended Complaint.

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give[ ]" leave to amend "when justice so requires." Fed. R. Civ. Pro. 15(a); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). That is not to say, however, that leave to amend should *always* be granted. Some circumstances such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment may be grounds for denial. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Ultimately, though, whether to grant or deny leave to amend a pleading is within the sound discretion of the Court. *Id*.

Determining whether a proposed amendment is futile requires a single straightforward question: can the claim, as amended, survive a motion to dismiss? *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993) ("This Circuit has

addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment."); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980) ("It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss."). If the answer is no, the amendment is futile and the Court has grounds to deny leave.

As explained above, Plaintiff's proposed Amended Complaint is fatally deficient. Even assuming the allegations in the proposed Amended Complaint are true, they fail as a matter of law for the same reasons that Plaintiff's original Complaint fails to clear the Rule 12(b)(6) and Rule 9(b) hurdles. In sum, Plaintiff's Amended Complaint appears to be no more than a spurious charge of fraudulent behavior that does not meet the minimal pleading standards under Rules 12(b)(6) or 9(b). *Bledsoe II*, 501 F.3d at 510.

## IV. CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 11.) Additionally, Plaintiff's Motion for Leave to File Amended Complaint is **DENIED**. (ECF No. 19.) The Clerk is **DIRECETED** to **ENTER** final judgment in favor of Defendants.

**IT IS SO ORDERED.**


Date: January 19, 2016                     /s/ *Elizabeth A. Preston Deavers*
                                         ELIZABETH A. PRESTON DEAVERS
                                         UNITED STATES MAGISTRATE JUDGE